UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL A. ADAMS, JR., ET AL.,<br>　　Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 15-4360 |
| CHEVRON USA, INC., ET AL.,<br>　　Defendant | SECTION: "E" (1) |

### ORDER AND REASONS

Before the Court is Plaintiffs' motion to remand.[1] For the reasons that follow, Plaintiffs' motion is **GRANTED**, and Plaintiffs' request for costs and attorney's fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

### BACKGROUND

Earl A. Adams, Jr. and hundreds of other plaintiffs (collectively, "Plaintiffs") filed suit in Civil District Court for the Parish of Orleans on December 16, 2002, asserting personal injury and property damage claims from alleged exposure to contamination from oil field pipe.[2] Plaintiffs filed an Amending and Supplemental Petition for damages on January 8, 2004,[3] and a Second Amending and Supplemental Petition on January 14, 2015.[4] Plaintiffs filed their Third Amending and Supplemental Petition on August 12, 2015.[5]

Defendant Joseph F. Grefer removed this case to federal court on September 11, 2015, under the mass action provisions of the Class Action Fairness Act ("CAFA").[6]

---

[1] R. Doc. 12.
[2] R. Doc. 1-1.
[3] R. Doc. 1-3.
[4] R. Doc. 1-5.
[5] R. Doc. 1-6.
[6] R. Doc. 1. *See* 28 U.S.C. §§ 1332, 1441, 1446, 1453.

1

This case was transferred from another section of this Court pursuant to Local Rule 3.1.1 after it was discovered that this matter relates to a case previously before this Court, *Robertson, et al. v. Chevron USA, Inc., et al.*[7] *Robertson* involved many of the same defendants, the same allegations, the same property, and the same causes of action. *Robertson* was remanded to state court on September 2, 2015.[8]

Plaintiffs filed this motion to remand on October 9, 2015.[9] In the motion, Plaintiffs argue (1) removal was untimely; (2) the Court lacks subject-matter jurisdiction over this matter; (3) Defendants failed to meet the jurisdictional burden under CAFA; and (4) Plaintiffs' action falls under CAFA's mandatory abstention provisions, namely the local controversy exception and the home state exception.[10] Plaintiffs also assert they are entitled to all costs and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).[11]

Defendants Joseph F. Grefer and Camille Grefer ("the Grefers") filed their response in opposition to Plaintiffs' motion to remand on October 20, 2015.[12] Plaintiffs filed a reply in support of their motion on October 26, 2015.[13]

---

[7] No. 15-CV-874.
[8] *Robertson v. Chevron USA, Inc.*, No. 15-CV-874, 2015 WL 5178499 (E.D. La. Sept. 2, 2015). Although this case was removed nine days after *Robertson* was remanded, the removing defendant, also a defendant in *Robertson*, failed to identify the related case on the accompanying Civil Cover Sheet when he removed this case to federal court, a violation of Local Rule 3.1. Local Rule 3.1 serves "[t]o promote judicial economy, conserve judicial resources, and avoid potential forum shopping and conflicting court rulings." LR 3.1.1. Failure to comply is a violation of the rules and increases inefficiency.
[9] R. Doc. 12.
[10] *Id.*
[11] *Id.*
[12] R. Doc. 20.
[13] R. Doc. 24.

## STANDARD OF LAW

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action.[14] "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[15] To determine whether the Court has jurisdiction, the Court considers the claims in the state court petition as they existed at the time of removal.[16] Remand is proper if at any time before final judgment it appears the Court lacks subject-matter jurisdiction.[17]

CAFA vests federal district courts with original jurisdiction over "mass actions."[18] A "mass action" under CAFA is a civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."[19] A mass action is deemed a class action removable under CAFA.[20] Therefore, this Court has jurisdiction over mass actions where (1) there are more than 100 plaintiffs; (2) minimal diversity exists between the parties; (3) the amount in controversy exceeds $5 million;[21] and (4) the primary defendants are not states, state officials, or other governmental entities.[22] In addition, CAFA provides that a court has jurisdiction "only over those plaintiffs whose claims in a mass action

---

[14] *See* 28 U.S.C. § 1441(a).
[15] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[16] *Id.*
[17] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").
[18] *See* 28 U.S.C. 1332(d)(11). *See also Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 408 (5th Cir. 2014).
[19] 28 U.S.C. 1332(d)(11)(B)(i).
[20] 28 U.S.C. 1332(d)(11)(A).
[21] 28 U.S.C. § 1332(d)(2), (6). *See also Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013).
[22] *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011); 28 U.S.C. § 1332(d)(2), (5), (11)(A).

satisfy the jurisdictional amount requirements under subsection (a)"[23] for diversity jurisdiction, which requires the matter in controversy to exceed $75,000, exclusive of interest and costs.[24] The removing party bears the burden of proving that the provisions of CAFA are satisfied.[25]

## ANALYSIS

A. <u>Timeliness of Removal</u>

28 U.S.C. § 1446(b) provides in pertinent part that a notice of removal must be filed within 30 days after the defendant receives a copy of the initial pleading.[26] If the case is not removable based on the initial pleading, however, a notice of removal may be filed on the basis of an amended pleading "from which it may first be ascertained that the case is one which is or has become removable."[27]

This case was filed in state court prior to the enactment of CAFA in 2005. Nevertheless, Defendants argue that the Third Amended and Supplemental Petition "commenced a new action on behalf of 630 new Plaintiffs, each of whom alleges wrongful death and survival claims based on the deaths of nearly 180 original Plaintiffs, and each of whom seeks to join these wrongful death and survival claims with the bodily injury claims of more than 1,600 still living original Plaintiffs in the Action."[28] Therefore, Defendants argue, the case was properly removed under CAFA, and removal was timely

---

[23] 28 U.S.C. § 1332(d)(11)(B)(i).
[24] 28 U.S.C. § 1332(a).
[25] *See Rainbow Gun Club*, 760 F.3d at 409 n. 3; *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 810 (5th Cir. 2007) ("CAFA contains a basic jurisdictional test for removal, which requires the removing defendant to prove minimal diversity and an aggregated amount in controversy of $5,000,000 or more.").
[26] 28 U.S.C. § 1446(b).
[27] *Id.*
[28] R. Doc. 1 at ¶ 4.

4

because the notice of removal was filed within 30 days of the filing of the third amended petition.

CAFA applies to "any civil action commenced on or after" February 18, 2005.[29] It does not apply retroactively.[30] When a lawsuit is "commenced" for purposes of CAFA is determined by state law.[31] The "default rule" under Louisiana law is that a suit is commenced only at the time the original petition is filed in a court of competent jurisdiction absent special circumstances.[32]

The Fifth Circuit created an exception to the default rule in *Braud v. Transport Service Company of Illinois*.[33] The court held that, for purposes of CAFA, an amendment to a pleading that adds a defendant "commences" the civil action as to the added party.[34] This "commencement," the court held, provides a new window of removability under 28 U.S.C. § 1446(b).[35]

Defendants seek to extend the logic of *Braud* to this case,[36] in which Plaintiffs' Third Amending and Supplemental Petition substitutes the survivors for the now-deceased original plaintiffs.[37] Plaintiffs cite Louisiana Civil Code articles 2315.1 and 2315.2, which govern survival actions and wrongful death actions, respectively.[38]

In *Admiral Insurance Co. v. Abshire*, the Fifth Circuit declined to create an additional exception to the default rule.[39] The plaintiffs in *Abshire* filed a ninth amended

---

[29] *Braud v. Transport Serv. Co. of Ill.*, 445 F.3d 801, 803 (5th Cir. 2006).
[30] *Id. See also Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 273 (5th Cir. 2009).
[31] *Braud*, 445 F.3d at 803.
[32] *Abshire*, 574 F.3d at 273.
[33] 445 F.3d 801 (5th Cir. 2006).
[34] *Id.* at 804.
[35] *Id.* at 805.
[36] R. Doc. 20 at 4–6.
[37] R. Doc. 1-6.
[38] *Id.* at 1.
[39] *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 279 (5th Cir. 2009) ("[W]e decline to create another exception to the default rule under Louisiana state law.").

complaint, adding "(1) a claim for attorney's fees and costs, (2) the 'resurrection' of claims held by deceased, substitution-less plaintiffs, and (3) the 'resurrection' of the dual-capacity plaintiffs' previously dismissed claims."[40] The Fifth Circuit first distinguished the case from other cases, including *Plummer v. Farmers Group, Inc.*,[41] also cited by Defendants in this case. The court determined that the ninth amended complaint is not a "drastic modification to a petition by way of amendment which initiates a class action," unlike the amended pleadings in *Plummer*.[42] The court said, "[W]e are convinced that the ninth amended complaint does not commence a new civil action, because the petition was filed pre-CAFA in a court of a competent jurisdiction and the *Braud* exception does not apply."[43]

The Fifth Circuit in *Abshire* noted that, to determine whether an amended pleading "commences" a new action for purposes of removal, other circuits apply the relation-back doctrine.[44] The Fifth Circuit concluded, however, that "given their logical independence, it is far from pellucid why the relation-back test should control our analysis of CAFA's non-retroactivity provision."[45] Nevertheless, the court applied the relation-back doctrine, and its conclusion remained unchanged: the amended pleading, which substituted plaintiffs and added claims for attorney's fees, related back and thus did not "commence" a new action and did not provide the defendants with a new opportunity for removal.[46]

In Louisiana, an amended pleading that adds or substitutes a plaintiff relates back "if (1) the amended claim arises out of the same conduct, transaction, or occurrence set

---

[40] *Id.*
[41] 388 F. Supp. 2d 1310, 1313–14 (E.D. Okla. 2005).
[42] *Abshire*, 574 F.3d at 274–75.
[43] *Id.* at 278–79.
[44] *Id.* at 276.
[45] *Id.* at 277.
[46] *Id.* at 278–79.

6

forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense."[47] All of these factors are met in this case.

This case was filed in 2002, before the enactment of CAFA. Therefore, under Louisiana's default rule, the action commenced in 2002. The *Braud* exception does not apply because Plaintiffs' Third Amending and Supplemental Petition does not add new defendants to the case. Further, under the Louisiana relation-back doctrine, the amended pleading relates back to the original petition. Therefore, the third supplemental petition did not "commence" a new action for purposes of CAFA. Accordingly, removal was untimely, and remand is appropriate.

B. Costs and Attorney's Fees

Plaintiffs also seek costs and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). The Supreme Court held in *Martin v. Franklin Capital Corp.*, that "absent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal."[48] In applying this holding, the Fifth Circuit noted that § 1447 does not have a strong preference for or against fee awards.[49]

The Fifth Circuit in *Abshire* found that the defendants' removal may have been objectively unreasonable.[50] The court noted that there was some evidence in the record

---

[47] *Giroir v. South La. Med. Ctr., Div. of Hospitals*, 475 So. 2d 1040, 1044 (La. 1985).
[48] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).
[49] *Abshire*, 574 F.3d at 280.
[50] *See id.*

that the defendants removed with the purpose of prolonging the litigation and imposing costs on the plaintiffs.[51] Nevertheless, the court determined that "it is equally true that, given the complexity of the instant commencement question, an award of fees might undermin[e] Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[52] Consequently, the court affirmed the district court's decision to decline to award attorney's fees under § 1447(c).[53]

The removal in this case was not objectively unreasonable. Although Defendants did not meet their burden to establish removal jurisdiction, there is nothing to suggest Defendants removed the case to prolong litigation or otherwise impose greater costs on Plaintiffs. Therefore, awarding Plaintiffs costs and attorney's fees under § 1447(c) would be improper. Accordingly, Plaintiffs' request for costs and attorney's fees is denied.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion to Remand [54] is **GRANTED**, as Defendants' removal is untimely.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

**IT IS FURTHER ORDERED** that Plaintiffs' request for costs and attorney fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

**New Orleans, Louisiana, this 16th day of November, 2015.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[51] *Id.*
[52] *Id.* (internal citations and quotation marks omitted).
[53] *Id.* at 281.
[54] R. Doc. 12.